1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                     FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9

10   UNITED STATES OF AMERICA,              1:11-cv-2080 LJO DLB

11         Plaintiff,                       ORDER RE: PLAINTIFF'S MOTION TO
                                            STRIKE DEFENDANT'S PETITION FOR
12         v.                               DECLARATORY JUDGMENT AND
                                            RECORD (DOC. 6)
13   ANDRE PAUL PROVOST, JR.,

14         Defendant.

15

16

17                          I. INTRODUCTION.

18        Plaintiff, United States of America (the "United States") moves to strike Defendant,

19   Andre Paul Provost, Jr.'s ("Defendant") "Petition for Declaratory Judgment and Record." ECF

20   No. 5. The United States asserts that Defendant's Petition is irrelevant, nonresponsive and

21   espouses nothing more than nonsensical tax-defier arguments.

22

23                  II. BACKGROUND AND PROCEDURAL HISTORY.

24        On December 16, 2011, the United States filed its Complaint, seeking to obtain a

25   judgment on Defendant's alleged outstanding federal income taxes for the tax years 1995 through

26   1997 in the amount of $190,694.20. Complaint, ECF No. 1.

27

28        Defendant was served with a copy of the Complaint, Summons, and Court Order on

1    January 28, 2012. ECF. No. 2. The returned Summons was filed on February 3, 2012. ECF. No.

2    4.

3         On February 9, 2012, Defendant, *pro se*, filed a "Petition for Declaratory Judgment and

4    Record" ("Petition"). ECF. No. 5. Defendant was required to file an Answer or other responsive

5    pleading by February 21, 2012.

6

7                                    III. <u>LEGAL STANDARD.</u>

8         Federal Rule of Civil Procedure 12(f) permits the Court to "[strike] from any pleading any

9    insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

10   Civ. Pro. 12(f).

11        Redundant matter "consists of allegations that constitute a needless repetition of other

12   averments in the pleading." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and

13   Procedure § 1382 (1990). Immaterial matter is "that which has no essential or important

14   relationship to the claim for relief or the defenses being pleaded." *Id*. Impertinent matter "consists

15   of statements that do not pertain, and are not necessary, to the issues in question." *Id*. Scandalous

16   matter is "that which improperly casts a derogatory light on someone, most typically on a party to

17   the action." *Id*.

18

19

20                                       IV. <u>DISCUSSION.</u>

21        In his rambling Petition, Defendant advances an array of irrelevant, unintelligible and

22   meritless arguments.  Many, if not all, of Defendant's theories are so outlandish the Court

23   hesitates to respond for fear that it might suggest these arguments have legal recognition;

24   however, the Court addresses Defendant's assertions in order that Defendant will understand the

25   error in continuing to advance them. *See, e.g., Granzow v. C.I.R.*, 739 F.2d 265, 269–270 (7th

26   Cir.1984) ("[the Court] can no longer tolerate abuse of the judicial review process by

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other non-worthy purposes"); *see also, Crain v. Commissioner*, 737 F. 2d 1417 (5th Cir. 1984) (stating "[w]e perceive no need to refute these arguments with somber reasoning and copious citation to precedent; to do so might suggest that these arguments have some colorable merit").

A.      Jurisdiction.

Defendant's Petition begins with citation to case law regarding diversity jurisdiction. Petition at 1-2. This matter is brought by the United States, and thus jurisdiction is proper under 28 U.S.C. § 1345. Further, the matter is brought pursuant to the federal internal revenue laws and under 28 U.S.C. § 1340, which vests this Court with jurisdiction over cases "arising under any Act of Congress providing for internal revenue."

Defendant appears to question this Court's jurisdiction, asserting that only an Article III Court may hear "matters of the People." Defendant's Objection, ECF. No. 7, ¶ 3. However, this matter is before a Court operating pursuant to Article III of the United States Constitution.

Defendant next states that standing requires a case or controversy, apparently suggesting that none exists here. Petition at 2-3. The United States, however, has asserted in its Complaint that it seeks a judgment for unpaid federal income taxes (the injury giving rise to the United States' standing to bring suit). Compl. ¶¶ 1-4. Indeed, the United States has filed suit for a judgment against Defendant in the amount of unpaid income taxes for the 1995, 1996, and 1997 tax years, plus statutory interest and penalties pursuant to law. *Id.* at ¶ 6. The United States asserts that Defendant was assessed for those years, did not pay after a demand, and that a Judgment is necessary to collect those unpaid taxes. *Id.* at ¶¶ 7-8. Further, the United States asserts that a judgment in its favor and collection upon that judgment, will most certainly redress the injury of Defendant's failure to pay taxes for those periods. *Id.* at ¶ A.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

B.      Service of Process.

Defendant asserts there is insufficient process, presumably as a result of "no Affidavit of injury by Mr. Colin C. Sampson." Objection ¶ 7. Defendant does not point to any requirement that the United States must file an affidavit in order to bring an action for collection of federal taxes without an affidavit, and indeed, none exists.

C.      Statute of Limitations.

Defendant appears to seek this Court's finding that the "Statute of Limitations upon ASSESSMENT AND COLLECTION of previously filed returns for the IRS is limited to the previous three (3) years." Petition at 8 (emphasis in original). This assertion is wrong in several respects. First, the statute of limitations on assessment is three years from the filing of a return, if a return is filed. 26 U.S.C. § 6501(a). However, there is no limitation on the assessment of taxes where, as here, no return was filed. 26 U.S.C. § 6501(c)(3). Moreover, the statute of limitations on collection of an assessment under the Internal Revenue laws is ten years from the date of assessment of the tax. 26 U.S.C. § 6502(a)(1). As stated in the United States' Complaint, the assessments at issue were made on February 25, 2002, and the United States brought this action and served Defendant prior to the running of the statute of limitations on collection. Compl. ¶ 6.

D.      The United States Has Properly Appeared.

Defendant asserts that "ALL pleadings, written motions, and other paper must be signed by at least one attorney of record." Petition at 10-11. The pleadings filed by the United States have all been properly signed by the attorney of record or the United Sates, using the electronic signature procedures provided by Local Rule 131(c).

E.      Meritless Tax-Defier Arguments.

Defendant's Petition goes on to advance frivolous arguments commonly espoused by tax

protesters.[1]

### 1.   Corporation Argument.

Defendant states that he does not have any documents which indicate that corporations may sue in federal courts. Objection, ¶ 9. Corporations can, and frequently do, sue in federal courts. That fact aside, the United States, as sovereign, is not a corporation, and it may sue in federal court. It does so here pursuant to 26 U.S.C. §§ 7401, 7402 and 28 U.S.C. §§ 84(b), 1340, 1391 and 1396.

To the extent that Defendant contends that the IRS is not a government agency, but a private corporation without authority to enforce the Internal Revenue Code, he is wrong. *Young v. Internal Revenue Service*, 596 F.Supp. 141, 147 (N.D.Ind. 1984). "Like it or not, the Internal Revenue Code is the law." *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985); s*ee also, United States v. Fern*, 696 F.2d 1269, 1273 (11th Cir. 1983) ("Clearly, the Internal Revenue Service is a 'department or agency' of the United States.").

"[T]he Internal Revenue Service is organized to carry out the broad responsibilities of the Secretary of the Treasury under § 7801(a) of the 1954 Code for the administration and enforcement of the internal revenue laws." *Donaldson v. United States*, 400 U.S. 517, 534 (1971). The Secretary of the Treasury has full authority to administer and enforce the internal revenue laws and has the power to create an agency to enforce those laws. 26 U.S.C. § 7801; *Young*, 596 F. Supp. at 147. The IRS was created pursuant to this congressionally mandated power. Its head is the Commissioner of Internal Revenue, who is responsible to administer and supervise the execution and application of the internal revenue laws. 26 U.S.C. § 7803(a). The contention that

---

[1] By advancing frivolous arguments, Defendant invites the imposition of sanctions under 28 U.S.C. § 1927 and the Court's inherent powers. Although the Government has not requested sanctions, Defendant is admonished that the advancement of arguments that lack a reasonable basis in law or fact and that have previously been rejected by this and other courts constitute sanctionable conduct. *See, e.g., Ryan v. Bilby*, 764 F.2d 1325, 1328–29 (imposing double costs on frivolous tax protester).

the IRS is not a government agency of the United States is wholly frivolous. *Salman v. Department of Treasury–Internal Revenue Service*, 899 F. Supp. 471, 472 (D. Nev. 1995); *Young*, 596 F. Supp. at 152.

2.      "Proprietary Right" Argument.

Defendant states that he "denies that the Plaintiff(s) has any proprietary right to 'ANDRE PAUL PROVOST, JR.'" as if to assert that the Defendant has a "straw man" artificial entity which the United States may not reach. Petition at 5. This common tax-defier argument has been rejected by numerous courts and it equally rejected by this Court. *See e.g., United States v. Wright*, Civ. No. S-94-1183, 1998 WL 990588, *4, (E. D. Cal. Dec. 29, 1998) (summarily rejecting as "patently frivolous" defendant's motion to dismiss based on a contention that "since the amended complaint states that this action is brought against 'FLOYD A. WRIGHT' and his name is 'Floyd A. Wright', he is not the proper defendant."); *see also* Rev. Rul. 2005-21, 2005-14 I.R.B. 822 (rejecting taxpayers' "straw man" theory to avoid tax liability as frivolous).

3.      "Redemption" Argument.

Defendant asserts that the "Court is indemnified by the bond of andre paul, jr. provost" and attaches what Defendant asserts is an "Unlimited Indemnity Bond". Petition at 4. This "bond," attached to the Petition, appears to indemnify this Court, the Secretary of the Treasury, and Defendant's capitalized straw-man name in an unlimited amount, in a "Pre-paid Account No. 560869888 held in trust with the United States Trustee by special arrangement." Petition, "Unlimited Indemnity Bond," at 1. This is apparently the argument that Defendant's Social Security Number is an account number from which he can draw an unlimited amount of money to pay his liabilities.

Several courts and the IRS have rejected this type of argument as nonsensical and

meritless. *See e.g., U.S. v. Weldon*, No. 1:08–cv–01643–LJO–SMS, 2010 WL 1797529, *2-*3 (E.D. Cal. May 4, 2010) (citing seven cases and agreeing that the argument is meritless); Rev. Rul. 2004-31, 2004-1 C.B. 617 (rejecting as frivolous "removal" and "redemption" tax defier arguments). This Court agrees that the argument is meritless and rejects Defendant's attempt to satisfy any tax liability through the filing of this fictitious bond.

4.      Proof of Claim Argument.

Defendant asserts that the United States must execute an "IRS 4490 Proof of Claim" prior to initiation of any proceedings because the United States is a "corporation operating in bankruptcy." Petition at 9. This yet another meritless tax defier argument.

The theory is most fully explained in an Eighth Circuit opinion:

According to the redemption theory, the United States went bankrupt when it rejected the gold standard in 1933 and thereafter covered the country's debt by converting the physical bodies of its citizens into assets.

Followers of the redemption theory believe that each citizen has a "private side" and a "public side." The theory provides that the government owns each person's public side or "straw man" by holding title to each citizen's birth certificate. By filing UCC–1 financing statements and their birth certificates in a state that accepts such filings, followers of this theory believe they can "redeem" their birth certificates. Redemption theorists view the redeemed birth certificate as an asset on which they place a value of up to $2 million and assert the U.S. Treasury Department acts as a clearinghouse for the funds. Under this theory, they then create money orders and sight drafts drawn on their Treasury Direct Accounts to pay for goods and services.

*United States v. Getzschman*, 81 Fed. Appx. 619, 620 (8th Cir. 2003)

Courts have characterized this theory as "implausible," "clearly nonsense," "convoluted," and "peculiar." *Bryant v. Washington Mutual Bank*, 524 F. Supp. 2d 753, 760 (W.D.Va. 2007); *United States v. Allison*, 264 Fed. Appx. 450, 452 (5th Cir. 2008). The theory is "nonsensical and soundly rejected in this and all other jurisdictions." *Palmer*, 2009 WL 1683172 at *1. This Court agrees that the theory is without merit.

This matter is not a matter in bankruptcy, Bankr. R. 3001 does not apply, and the United

States need not file proof of claim.

      5.      <u>Delegation of Authority.</u>

Defendant next seeks to have this Court make a finding that the United States file and publish a "Delegation of Authority" in the "in the Federal Register" before the Court may hear this matter. Petition at 8.

The challenge to the delegation of authority to Revenue Officers and Agents is frivolous. *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) ("we now add as equally meritless [that]. . . the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws. . . because of invalid or nonexistent delegations of authority, *lack of publication of delegations of authority in the Federal Register*, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act") (emphasis added); *Wolf v. Commissioner*, 4 F.3d 709, 716 (9th Cir. 1993). The failure of the United States to publish such documents has no legal effect on taxpayers. *Wolf*, 4 F.3d at 716; *United States v. Saunders*, 951 F.2d 1065, 1068 (9th Cir. 1991). Defendant's argument regarding delegation of authority is meritless and rejected by this Court.

F.      <u>Fair Debt Collection Practices Act.</u>

Defendant cites the Fair Debt Collection Practices Act, 15 U.S.C. 1692a *et seq* ("FDCPA"). Petition at 9. To the extent Defendant advances an argument that the United States must comply with this statute, Defendant is mistaken. The FDCPA specifically exempts from the definition of "debt collector" any "officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. 1692a(6)(C). The United States may not be barred from bringing this action as a result

of the statute cited by Defendant.

G.     Declaratory Judgment Act.

Finally, Defendant cites the Declaratory Judgment Act, although he provides no argument whatsoever. Any assumed argument that the United States may not seek to reduce to judgment assessed federal income taxes against Defendant is inapposite. The United States has not brought this action under Fed. R. Civ. P. 57 or the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Even if it had, the Declaratory Judgment Act specifically and unequivocally excepts cases "with respect to Federal taxes." 28 U.S.C. § 2201(a); *see also,* 26 U.S.C. § 7421(a). Further, the United States is not seeking an injunction at this time, as Defendant appears to suggest. Petition at 3-4.

## V. CONCLUSION AND ORDER.

For all the reasons cited above:

The United States' motion to strike Defendant's "Petition for Declaratory Judgment and Record" is GRANTED. Each argument put forth in Defendant's "Petition" is insufficient, immaterial, or wholly nonsensical.

Defendant is advised that the Court does not have the resources to involve itself in vexatious attempts for relief based on unintelligible and frivolous demands.  Such a pleading  will not again be condoned without appropriate sanctions.

IT IS SO ORDERED.

Dated:   __April 6, 2012__              _____/s/ Lawrence J. O'Neill___
                                                          UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28