# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:11-cv-02080 LJO DLB |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |
| v. | ) | (Document 26) |
| ANDRE PAUL PROVOST, JR., | ) | |
| Defendant. | ) | |

On April 16, 2012, Plaintiff United States of America ("Plaintiff") filed the instant motion for leave to file an amended complaint. The motion was heard on June 1, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Colin Christopher Sampson appeared telephonically on behalf of Plaintiff. Defendant Andre Paul Provost, Jr., proceeding pro se and in forma pauperis, did not appear.

## **BACKGROUND**

On December 16, 2011, Plaintiff initiated this action to reduce to judgment outstanding federal income taxes owed by Defendant Provost for tax years 1995 through 1997.

Plaintiff served Defendant Provost with a summons and a copy of the complaint on January 28, 2012. Despite the filing of various documents, many of which were ordered stricken

from the record, Defendant Provost did not file an answer to the complaint in compliance with the Federal Rules of Civil Procedure and the Court's express orders.

On April 16, 2012, Plaintiff filed the instant motion for leave to amend the complaint. Defendant Provost did not file an opposition to the motion.

## **DISCUSSION**

Federal Rule of Civil Procedure Rule 15(a) provides that a district court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denial of leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

By the proposed amendment, Plaintiff seeks to include additional penalties against Defendant Provost pursuant to 26 U.S.C. § 6702 (Frivolous Tax Submissions) in the amount of $15,425.47, while also increasing the total amount assessed for outstanding federal income taxes for the tax years 1995 through 1997. Plaintiff requests recovery in the total amount of **$208,330.04** (plus interest and other statutory additions). Defendant Provost did not oppose the motion and there is no evidence of undue delay, bad faith, prejudice or futility of amendment.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to file a first amended complaint is GRANTED;
2. Plaintiff shall file the first amended complaint within seven (7) days of the date of this order;

3. Plaintiff shall serve the first amended complaint on Defendant Provost within fourteen (14) days of the date of filing. Plaintiff may serve the first amended complaint by mail; and

4. Defendant Provost shall file an answer to the first amended complaint within twenty (20) days of the date of service of this order. Defendant Provost is admonished that his answer must comply with Rule 8 of the Federal Rules of Civil Procedure, other applicable Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO ORDERED.

Dated: **June 8, 2012**                    **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE