# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDRE PAUL PROVOST, JR.,<br><br>    Defendant. | Case No.: 1:11cv02080 LJO DLB<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br>(Doc. 41) |

On August 10, 2012, Plaintiff United States of America ("Plaintiff" or "United States") filed the instant motion for default judgment against Defendant Andre Paul Provost, Jr. ("Defendant"). The matter was heard on September 28, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Colin C. Sampson appeared telephonically on behalf of Plaintiff United States. Defendant Andre Paul Provost, Jr. did not appear.

## **BACKGROUND**

On December 16, 2011, the United States filed this action to reduce to judgment federal tax assessments against Defendant Andre Paul Provost, Jr.

On January 28, 2012, the United States personally served Defendant with the complaint, summons and related documents. Doc. 4. Following service, Defendant submitted multiple filings between February 9, 2012, and April 11, 2012, which either were stricken from the record

1

due to their frivolous nature or otherwise disposed of by the Court.  Defendant also appeared for a scheduling conference.  However, Defendant did not file an answer to the complaint in compliance with the Federal Rules of Civil Procedure.

On April 13, 2012, the Court expressly ordered Defendant to file an answer to the complaint no later than April 30, 2012.  Doc. 24.  Although Defendant filed a paper on April 30, 2012, it was stricken from the record because it did not comply with the Court's order and it contained frivolous matters.  Doc. 30.

On June 8, 2012, the Court granted the United States leave to file a first amended complaint and to serve the amended complaint on Defendant by mail.  The United States filed the amended complaint on June 8, 2012, and mailed a copy to Defendant.  On June 18, 2012, Defendant filed another paper, which also was stricken from the record because it was not an answer and it contained frivolous matter.  Doc. 36.

On June 29, 2012, pursuant to the United States' request, the Clerk of the Court entered Defendant's default.  On July 5, 2012, Defendant filed a request to answer, claiming that he had "a good faith belief that the UNITED STATES is a corporation and that there was no parity with the flesh and blood man."  Doc. 39.  The Court denied the request because default had been entered against Defendant and the request contained frivolous matters.  Doc. 40.

On August 10, 2012, the United States filed the instant motion for default judgment. Defendant did not file an opposition or otherwise contact the Court.

## FACTUAL BACKGROUND

According to the First Amended Complaint, the United States made timely federal tax assessments against Defendant for federal income taxes, penalties and other statutory additions for the 1995, 1996 and 1997 tax periods.  The unpaid balance plus accruals on these assessments totals $192,904.57.  FAC ¶ 6.

The United States also made timely assessments of penalties against Defendant for frivolous tax submissions for the 1995, 1996 and 1997 tax periods. The unpaid balance plus accruals on these assessments totals $15,425.47. FAC ¶ 7.

Despite notice and demand, Defendant has failed to pay the tax assessments against him. As of April 30, 2012, Defendant owed the total sum of $208,330.04. FAC ¶ 9.

In support of the motion for default judgment, the United States submitted the declaration of Revenue Officer Dennis Stiffler ("Stiffler Dec."). According to Mr. Stiffler, during 1995, Defendant earned taxable wages of at least $72,149.00, taxable capital gains of at least $106,805.00, taxable dividends of at least $21.00, and taxable distributions of at least $14,151.00. Stiffler Dec. ¶ 10 and Exhibit 12. During 1996, Defendant earned taxable nonemployee compensation of at least $20,400.00. Stiffler Dec. ¶ 11 and Exhibit 13. During 1997, Defendant earned taxable nonemployee compensation of at least $47,009.00. Stiffler Dec. ¶ 12 and Exhibit 14. Defendant did not file federal income tax returns for 1995 through 1997. Stiffler Dec. ¶¶ 4-5 and Exhibits 1-3.

For 1995, Defendant had federal income tax withholding credit of $20,216.00. For 1996, Defendant had levys credited by the Internal Revenue Service ("IRS") of $5,372.31 and $291.87 in 2011. Defendant did not pay any taxes for 1998 and no funds have been credited to his federal tax liability for 1998. Exhibits 4-6 attached to Stiffler Dec.

In December 2010, the IRS received three claims for refund signed by Defendant. He claimed a refund of $125,722.23 for 1995, $16,827.24 for 1996, and $46,200.72 for 1997. Stiffler Dec. ¶ 14 and Exhibits 16-18. The IRS determined that these forms were frivolous, assessed penalties against Defendant, and issued a notice of deficiency for unpaid taxes. Stiffler Dec. ¶¶ 7, 8, 14 and Exhibits 7-9, 10. As of August 10, 2012, Defendant owed the United States $210,135.23 for unpaid taxes, along with penalties and interest. Stiffler Dec. ¶ 15.

The United States requests entry of default judgment in the amount of $210,135.23, plus interest as provided by 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621 from August 10, 2012.

## DISCUSSION

### A.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action. Fed. R. Civ. P. 55(b)(2). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

### B.    **Eitel** Factors

1.    Possibility of Prejudice to the United States

As Defendant has not answered the complaint, the United States will suffer prejudice if default judgment is not entered. In particular, the United States' ability to collect the outstanding tax liabilities will be jeopardized if a judgment is not entered against Defendant.

2.    Merits of Substantive Claims and Sufficiency of the Complaint

The complaint's allegations are sufficient to establish that (1) timely assessments were made against Defendant for unpaid federal income taxes for 1995 through 1997, as well as penalties and interest; (2) proper notice was given and demand for payment made; and (3) Defendant has not fully paid the assessments and accrued interest and penalties.  FAC ¶¶ 6-9.  As to Defendant's liability, the allegations of the complaint are taken as true.

As to damages, the United States has submitted the Certificates of Assessments, Payment and Other Specified Matters ("Forms 4340") for the tax periods at issue demonstrating the amount due and owing from Defendant.  Exhibits 4-9 to Stiffler Dec.  Forms 4340 are the appropriate means of establishing an assessment, and they show that the tax liabilities were properly assessed, that notices and demand for payment were sent and that the Defendant is presumptively liable for the unpaid taxes, interest, penalties and other statutory additions. Hughes v. United States, 953 F.2d 531, 540 (9th Cir. 1992); Koff v. United States, 3 F.3d 1297, 1298 (9th Cir. 1993).  Additionally, Mr. Stiffler's declaration establishes the amount of actual interest that was accrued in this case through August 10, 2012.  Stiffler Dec. ¶¶ 2, 15.

       3.      Remainder of Eitel Factors

The remaining Eitel factors support entry of default judgment:  (1) there is no dispute concerning material facts because Defendant has not answered and default has been entered; (2) there is no evidence that Defendant's default was due to excusable neglect based on his awareness of this action and his frivolous filings in this matter; and (3) policy considerations should not permit the United States to be negatively affected by Defendant's failure to defend the claims against him.  See, e.g., Elektra Entm't Group, Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D.Cal. 2005).

Based on the above, the Court finds that the Eitel factors weigh in favor of granting the motion for default judgment.  Accordingly, the Court recommends that default judgment be entered against Defendant for the outstanding federal tax liabilities.

**RECOMMENDATION**

It is HEREBY RECOMMENDED as follows:

1.      Plaintiff's motion for default judgment be GRANTED; and

2.      Default judgment be entered in favor of the United States and against Defendant Andre Paul Provost, Jr. for federal tax liabilities in the amount of $210,135.23 as of August 10, 2012, plus interest as provided by law that accrues after August 10, 2012.

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within **fourteen (14) days** after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within **fourteen (14) days** after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

Dated:   **October 9, 2012**                    /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE