1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA, | Case No.  1:11-cv-02080-LJO-SAB

12 Plaintiff, | ORDER RE MOTION TO COMPEL

13 v.

14 ANDRE PAUL PROVOST, JR., et al.,

15 Defendant.

16

17    Plaintiff United States of America ("Plaintiff") filed a motion to compel in this action

18 based upon Defendant Andrew Paul Provost, Jr.'s ("Defendant") failure to respond to Plaintiff's

19 post-judgment discovery requests.  (ECF No. 49.)

20    Upon review of the record, there appears to be a discrepancy in the address for Defendant

21 used by the Court and the addresses used by Plaintiff to serve papers on Defendant.  The address

22 for Defendant in the Court's record is 992 E. Niles, Fresno, California 93720.  This address

23 appears on Defendant's filings with the Court.[1]   This address appeared most recently on

24 Defendant's filing on November 19, 2012.  (ECF No. 48.)

25 / / /

26

---

[1] Notably, the address on Defendant's filings indicates that mail is to be sent "C/O
27 EVANGELINA M. VELASCO, NOTARY WITNESS."  (See, e.g., ECF No. 48.)  Accordingly,
it is unclear if this address is Defendant's address, or if Ms. Velasco collects mail on Defendant's
28 behalf at that address.

1

1    However, Plaintiff evidently has been serving their filings on Defendant at a different

2    address.  The motion to compel was served on Defendant by mail at two addresses: 8839 N.

3    Cedar #105, Fresno, California 93720 and 10551 North Medinah Circle, Fresno, California

4    93730.  (U.S.'s Notice of Mot. and Mot. to Compel Def. Andrew Paul Provost, Jr. to Resp. to the

5    U.S.' Judg. Collection Disc. 3:10-13.)  Plaintiff's discovery requests were served on Defendant

6    by mail at the 10551 North Medinah Circle address.  (Decl. of Colin C. Sampson in Supp. of Mot.

7    to Compel ("Sampson Decl.") ¶ 6.)

8    Federal Rule of Civil Procedure 5(b) states that service by mail is accomplished by

9    mailing the papers "to the person's last known address."  The certificate of service accompanying

10   Plaintiff's motion does not indicate whether the 10551 North Medinah Circle address is the "last

11   known address" for Defendant according to Plaintiff's records.  Mr. Sampson's declaration

12   indicates that the 10551 North Medinah Circle address is the address where Mr. Provost was

13   served with the complaint and summons in this action.[2]  (Sampson Decl. ¶ 6.)  If that is the sole

14   basis for serving Defendant at the 10551 North Medinah Circle address, there appears to be a

15   defect in the service of the discovery requests and the motion to compel, because the address used

16   on all of Defendant's filings would have put Plaintiff on notice that the 992 E. Niles address is

17   more up-to-date.[3]  On the other hand, it may be the case that Plaintiff is privy to information

18   regarding Defendant's residential address that is not available to the Court which would justify

19   the use of the 10551 North Medinah Circle address as the "last known address" for Defendant.

20   In light of the apparent issues pertaining to service, the Court will order Plaintiff to submit

21   a sworn affidavit indicating whether the addresses used by Plaintiff were the "last known

22   addresses" for Defendant.  If Plaintiff contends that the 10551 North Medinah Circle address

23   qualifies as the last known address for purposes of Rule 5(b), the Court orders Plaintiff to explain

24   why the 10551 North Medinah Circle is more up-to-date than the 992 E. Niles address.

25

26   [2] It is unclear where the 8839 N. Cedar #105 address used by Plaintiff came from.

27   [3] Although Plaintiff submitted a delivery confirmation notice from Federal Express indicating that the discovery
     requests were delivered, the requests were delivered without signature confirmation.  Accordingly, it remains unclear
28   whether the requests were delivered to Defendant.

1    Based upon the foregoing, the Court HEREBY ORDERS Plaintiff to submit an affidavit

2  indicating whether the addresses used by Plaintiff to serve the discovery requests and the motion

3  to compel qualify as the "last known address" for purposes of Federal Rule of Civil Procedure

4  5(b).  Plaintiff shall file its affidavit on or before 11:00 a.m. on February 26, 2013.

5

6

7  IT IS SO ORDERED.

8
   Dated:   **February 19, 2013**    _____

9                                   UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        3