# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNTIED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW PAUL PROVOST, JR.,<br><br>    Defendant. | Case No. 1:11-cv-02080-LJO-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**<br><br>ECF NO. 56 |

On March 29, 2013, Plaintiff United States of America ("Plaintiff") filed a motion to compel seeking to compel responses to certain post-judgment discovery requests propounded on Defendant Andrew Paul Provost, Jr. ("Defendant"). (ECF No. 56.) Plaintiff also seeks monetary sanctions equal to the costs of bringing the motion to compel.

For the reasons set forth below, Plaintiff's motion will be granted.

## I.

## BACKGROUND

Plaintiff initiated this action on December 16, 2011, alleging that Defendant owed $190,694.20 in unpaid taxes. (ECF No. 1.) Plaintiff filed an amended complaint on June 8, 2012. (ECF No. 33.) Defendant filed several frivolous papers with the Court in this action, but never filed a proper answer to Plaintiff's amended complaint. (See, e.g., ECF Nos. 28, 35.) On June 20, 2012, the Court issued an order informing Defendant that he has not filed a proper answer to

1  Plaintiff's amended complaint which complies with the requirements of Federal Rules of Civil
2  Procedure and this Court's Local Rules. (ECF No. 36.) The Court expressly warned Plaintiff that
3  further frivolous filings may result in sanctions, including entry of default. (Order to Strike 2:5-
4  7.)

5    On June 29, 2012, Plaintiff requested and received entry of default against Defendant.
6  (ECF Nos. 37-38.) On November 5, 2012, the Court granted default judgment in favor of
7  Plaintiff and against Defendant. (ECF No. 46.)

8    On January 28, 2013, Plaintiff filed its first motion to compel related to post-judgment
9  discovery served upon Defendant to aid in the collection of the judgment entered in this action.
10 (ECF No. 49.) On February 19, 2013, the Court issued an order directing Plaintiff to submit an
11 affidavit explaining why the addresses used by Plaintiff to serve its post-judgment discovery were
12 not the same as the address in the Court's record for Defendant. (ECF No. 52.) On February 22,
13 2013, Plaintiff withdrew its first motion to compel to serve the discovery requests on Defendant
14 at the address in the Court's record. (ECF Nos. 53-54.)

15   On February 21, 2013, Plaintiff served the discovery requests, which consisted of a set of
16 interrogatories and a set of requests for production of documents, on Defendant at three separate
17 addresses known to be used by Defendant as his mailing address. (Decl. of Colin C. Sampson in
18 Supp. of Mot. to Compel ("Sampson Decl.") ¶ 4.) As of March 29, 2013, Defendant did not
19 respond to these discovery requests. (Sampson Decl. ¶ 6.)

20   Per Local Rule 230(c), Defendant's opposition was due on April 17, 2013. On April 9,
21 2013, Defendant filed a document entitled "Affidavit of Satisfaction of Liability in Civil Case#
22 1:11-cv-02080-LJO-DLB. (ECF No. 57.) Defendant's filing is largely incomprehensible,[1] but
23 Defendant appears to contend that Plaintiff's judgment against him was "satisfied through

---

[1] Defendant's filings contain archaic legal verbiage, commonly associated with the common law pleading practice, that serves no purpose in modern pleading practice. Defendant is advised that common law pleading and procedural practice has long been abolished by the adoption of the Federal Rules of Civil Procedure in 1937, and it is no longer necessary to recite archaic and complex legal terms in pleadings filed with the Court. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1181 (3d ed. 2012) (discussing modern "simple and elastic pleading and motion procedure ... placing a minimum emphasis on form" and the abolishment of "ancient procedural dogma").

Instruments tendered in order to offset and discharged[sic] the Liability in this case." (Aff. of Satisfaction of Liability in Civil Case# 1:11-cv-02080-LJO-DLB 1:24-25.)  Defendant does not raise any arguments pertaining to Plaintiff's motion to compel.  To date, Defendant has not filed anything else that could be construed as an opposition.

## II.

## DISCUSSION

Federal Rule of Civil Procedure 69(a)(2) states:

> **(2) Obtaining Discovery.**  In aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

The interrogatories and requests for production of documents propounded by Plaintiff are authorized by Federal Rules of Civil Procedure 33 and 34.

The failure to respond to discovery requests is governed by Federal Rule of Civil Procedure 37, which permits a party to move for a court order compelling responses and for payment of the reasonable expenses incurred in making the motion.

Plaintiff has demonstrated that it served discovery requests upon Defendant and Defendant failed to respond.  Accordingly, Plaintiff is entitled to an order compelling Defendant to provide responses to Plaintiff's discovery requests and Defendant has waived any objections to Plaintiff's discovery requests.[2]  See Richmark Corp. v. Timber Falling Consultants, 949 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

## III.

## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel is GRANTED.  Defendant Andrew Provost, Jr. is ORDERED to provide responses to Plaintiff's discovery requests on or before May 2, 2013.

---

[2] Although Plaintiff may be entitled to an award of reasonable costs of bringing this motion, see Fed.R.Civ.P. 37(a)(5)(A), Plaintiff's Memorandum of Points and Authorities made no argument for expenses and Plaintiff did not otherwise submit any evidence of reasonable expenses.

IT IS FURTHER ORDERED that the hearing set for Wednesday, May 1, 2013 at 9:30 a.m. is hereby VACATED.  The parties shall not attend.

IT IS SO ORDERED.

Dated:   **April 18, 2013**

UNITED STATES MAGISTRATE JUDGE