# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDRE PAUL PROVOST, JR.,<br><br>  Defendant. | Case No. 1:11-cv-02080-LJO-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER REQUIRING DEFENDANT TO SHOW CAUSE WHY HE SHOULD NOT BE FOUND IN CONTEMPT<br><br>ECF NO. 63<br><br>ORDER DENYING DEFENDANT'S REQUEST TO STRIKE PLAINTIFF'S MOTION<br><br>ECF NO. 64<br><br>ORDER REQUIRING DEFENDANT TO SHOW CAUSE WHY HE SHOULD NOT BE FOUND IN CONTEMPT OF THIS COURT'S ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL<br><br>Date:     June 13, 2013<br>Time:     8:30 a.m.<br>Courtroom 4 (LJO)<br>2500 Tulare St.<br>Fresno, CA 93721 |

On May 6, 2013, Plaintiff United States of America ("the United States") filed a motion requesting the Court to issue an order requiring Defendant Andre Paul Provost, Jr. ("Mr. Provost") to show cause why he should not be found in contempt of this Court's order granting

1

the United States' motion to compel and requiring Mr. Provost to respond to the United States' discovery requests. On May 22, 2013, Mr. Provost filed a "Notice to Strike Plaintiff's Motion to Show Cause," which the Court will construe as an opposition.

Pursuant to Local Rule 230(g) the Court finds that this matter is appropriate for adjudication on the briefs and the hearing on this matter scheduled for June 5, 2013 at 9:30 a.m. will be vacated.

## I.

## BACKGROUND

This action was initiated by the United States against Mr. Provost pertaining to $190,694.20 in unpaid taxes. (See ECF No. 1.) Mr. Provost filed several frivolous papers with this Court, but never filed a proper answer to the United States' complaint. (See, e.g., ECF Nos. 28, 35.) Eventually, default judgment was entered against Mr. Provost. (ECF No. 46.)

The United States propounded discovery on Mr. Provost to aid in the collection of the judgment entered in this action. Mr. Provost did not file responses to the United States' discovery. On April 29, 2013, the Court granted the United States' motion to compel Mr. Provost to provide responses to the United States' discovery requests. (ECF No. 61.) The Court ordered Mr. Provost to provide responses by May 2, 2013.

On May 6, 2013, the United States filed the present motion informing the Court that Mr. Provost failed to comply with the Court's April 29, 2013 order. (ECF No. 63.) The United States' motion further indicates that Mr. Provost attempted to satisfy the judgment against him by mailing documents purporting to be promissory notes or bonds payable to the United States. On two separate occasions, Mr. Provost filed notices in this Court claiming to have satisfied all liability in this case. (ECF Nos. 57, 64.)

On May 20, 2013, the Court received notice that orders from the Court mailed to Mr. Provost were being returned because they were not deliverable as addressed. The orders were mailed to Mr. Provost at 992 E. Niles, Fresno, CA 93720. This is the address on record for Mr. Provost and appears on Mr. Provost's most recent filing. (See Not. to Strike Pl.'s Mot. to Show Cause, at pg. 1.) This Court's orders have been returned as undeliverable intermittently

throughout this litigation. It is unclear why some orders are delivered successfully while others are returned as undeliverable. The Court has served its orders on Mr. Provost at the same address throughout this litigation and this same address has appeared on Mr. Provost's filings throughout this litigation.

On May 22, 2013, Mr. Provost filed a Notice to Strike Plaintiff's Motion to Show Cause. (ECF No. 64.) Mr. Provost claims to have discharged and satisfied all liabilities in this case through "Instruments now Registered Securities" which was "not returned therefore Accepted." (Not. to Strike Pl.'s Mot. to Show Cause 1:22-2:7.) Mr. Provost also argues that the original order granting the United States' motion to compel was directed at "Andrew Paul Provost, Jr." rather than "Andre Paul Provost, Jr." (Not. to Strike Pl.'s Mot. to Show Cause 4:1-6.)

## II.

## DISCUSSION

The Court possesses authority to sanction litigants for bad faith conduct. The Court has inherent authority to impose sanctions for bad faith conduct. See Local Rule 110; Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980); Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001); Barnd v. City of Tacoma, 664 F.2d 1339, 1342 (9th Cir. 1982). The Court has statutory authority pursuant to 18 U.S.C. § 401 to impose sanctions for contempt of the court. The Court also has authority under Federal Rule of Civil Procedure 11 to sanction parties who present matters to the Court for improper purposes, or present legal contentions to the Court that are frivolous or for presenting factual contentions to the Court that have no evidentiary support. See Fed. R. Civ. P. 11(c).

Based upon the Court's record and the information in the United States' motion, Mr. Provost engaged in sanctionable conduct including: (1) failing to comply with the Court's April 29, 2013 by failing to provide responses to the United States' discovery requests by May 2, 2013, (2) mailing fraudulent promissory notes and/or bonds to the United States in an attempt to satisfy the judgment in this action, (3) filing affidavits and documents with this Court falsely claiming that the judgment against him had been satisfied, (4) failing to keep the Court and the United

States apprised of his current address[1] and/or deliberately refusing to accept mail from the Court, and (5) raising frivolous arguments intended to cause undue delay and evade this Court's orders.

The Court will schedule a contempt hearing and order Mr. Provost to show cause why he should not be held in contempt and sanctioned for the conduct described above. The Court will order Mr. Provost to personally appear at a contempt hearing on June 13, 2013 at 8:30 a.m. in Courtroom 4 (LJO) before the Honorable Lawrence J. O'Neill in the above-captioned court located at 2500 Tulare St., Fresno, CA 93721. The Court will further order Mr. Provost to prepare and file a written brief explaining why he should not be held in contempt and why he should not be sanctioned by the Court. Mr. Provost is forewarned that the failure to file a written brief and/or the failure to personally attend the contempt hearing will result in further sanctions.

Mr. Provost is further forewarned that, depending on the outcome of the contempt hearing, this Court may impose sanctions, such as imprisonment, payment of daily fines, payment of the United States' attorney's fees, and/or any other appropriate sanctions in light of Mr. Provost's conduct.

Mr. Provost fails to cite any authority in support of his request to strike the United States' motion. The Court will provide Mr. Provost with the opportunity to demonstrate the legitimacy of the "instruments" he relies upon to discharge the judgment in this case.[2] However, based upon the information presently before the Court, Mr. Provost's claims appear to be frivolous. Mr. Provost's arguments pertaining to the typographical error in the Court's original order granting the United States' motion to compel fails because Mr. Provost ignores the fact that, in an abundance of caution and to avoid further frivolous filings from Mr. Provost, the Court issued an amended order on April 29, 2013 correcting the typographical error in the original order and correctly identifying Mr. Provost and "Andre Paul Provost, Jr." (ECF No. 61.) The remaining arguments in the "Notice to Strike" are frivolous. Accordingly, Mr. Provost's request will be denied.

---

[1] Local Rule 183(b) requires Mr. Provost to keep the Court and the United States advised as to his or her current address.

[2] Mr. Provost is forewarned that any security which does not comply with the Securities Act of 1933 and Securities Exchange Act of 1934 may subject him to criminal liability.

## III.

## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. The United States' motion requesting Mr. Provost to show cause why he should not be found in contempt is GRANTED;

2. Mr. Provost's "Notice to Strike" is DENIED;

3. Mr. Provost is ordered to SHOW CAUSE why he should not be held in contempt and why he should not be sanctioned by this Court for his conduct throughout this litigation;

4. Mr. Provost shall personally appear before the Honorable Lawrence J. O'Neill for a contempt hearing on June 13, 2013 at 8:30 a.m. in Courtroom 4 (LJO) of the above-captioned court located at 2500 Tulare St., Fresno, CA 93721;

5. Mr. Provost shall prepare and file a written brief explaining why he should not be held in contempt and why he should not be sanctioned by this Court for his conduct throughout this litigation. Mr. Provost's written brief shall be filed no later than June 6, 2013; and

6. The Court directs the Clerk of the Court to mail a copy of this order to: Andre Paul Provost, Jr., 10551 North Medinah Circle, Fresno, California 93730.

IT IS SO ORDERED.

Dated:   **May 24, 2013**

UNITED STATES MAGISTRATE JUDGE

5